2002–0288.  Disciplinary Counsel v. Borger.

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01–30. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on February 13, 2002, recommending that pursuant to Gov.Bar R. V(7), the respondent, Iduna Depweg Borger, a.k.a. Margaret Ann McErlane, be suspended from the practice of law. On consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(7), respondent, Iduna Depweg Borger, a.k.a. Margaret Ann McErlane, Attorney Registration No. 0030318, last known business address in Norwood, Ohio, be suspended from the practice of law.

IT IS FURTHER ORDERED that the respondent, Iduna Depweg Borger, a.k.a. Margaret Ann McErlane, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender her certificate of admission to practice to the Clerk of this court on or before 30 days from the date of this order, and that her name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that respondent be taxed the costs of these proceedings in the amount of $6,953.57, which costs shall be payable to this court by certified check or money order on or before 90 days from the date of this order. It is further ordered that if these costs are not paid in full on or before 90 days from the date of this order, interest at the rate of 10 percent per annum shall accrue as of 90 days from the date of this order, on the balance of unpaid board costs. It is further ordered that the court will not consider respondent's application to terminate the suspension until such time as she pays her costs in full, including any accrued interest.

IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this

order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

IT IS FURTHER ORDERED that respondent may apply for termination of the suspension by applying to the Board of Commissioners on Grievances and Discipline pursuant to Gov.Bar R. V(7)(F).

IT IS FURTHER ORDERED that respondent will not be reinstated to the practice of law in Ohio until (1) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with this order and all other orders issued by this court; and (3) this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before 30 days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of her suspension and her consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in her place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of her disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1).